UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONALD L. PHILLIPS, | Civil 13-1551 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF ST. LOUIS PARK,<br>CARPET KING, and<br>KEVIN HUNTINGTON, | |
| Defendants. | |

Plaintiff commenced this action by filing a complaint and an application for leave to proceed in forma pauperis ("IFP"). The Court previously examined Plaintiff's IFP application and determined that he had not adequately demonstrated that he is indigent and unable to pay the filing fee prescribed by 28 U.S.C. § 1914(a). The IFP application was therefore denied. (See Order dated July 10, 2013; [Docket No. 3].)

The order denying Plaintiff's IFP application informed him that he could still maintain this action as a NON-IFP litigant if he paid the statutory filing fee within twenty (20) days. Plaintiff was clearly advised that, if he did not pay the full filing fee within the time allowed, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying the filing fee has now expired. Plaintiff has not paid the required fee, nor has he offered any excuse for his failure to do so. On July 29, 2013, however, Plaintiff filed a new IFP application (Docket No. 4), but he failed to explain why he submitted that new application and why he did not comply with the previous order that

required him to pay the full filing fee if he intended to pursue this matter. Furthermore, Plaintiff's new IFP application does not provide any new or clarified information regarding his financial circumstances. Indeed, the new IFP application merely confirms the information presented in the original IFP application. Thus, the new application merely reinforces the Court's previous determination that Plaintiff is not indigent and he is not eligible for IFP status. Therefore, Plaintiff's new IFP application must also be denied.

Because Plaintiff has failed to pay the full filing fee in a timely manner, it is now recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

[Continued on next page.]

Based upon the above, and upon all the records and proceedings herein, IT IS **HEREBY RECOMMENDED** that:

1. Plaintiff's second application for leave to proceed in forma pauperis (Docket No. 4) be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August __19__, 2013                                      _s/ Tony N. Leung_
                                                                TONY N. LEUNG
                                                                United States Magistrate Judge

                                                                *Phillips v. St. Louis Park, City of, et al.*
                                                                File No. 13-cv-1551 (SRN/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 20, 2013**.